THOMAS EDWARD GLENDINNING V. STATE.

No. 25350. June 13, 1951.

Hon. Henry King, Judge Presiding.

*Dalford Todd,* Dallas, for appellant.

*Henry Wade,* District Attorney, and *Charles S. Potts,* Assistant District Attorney, both of Dallas, and *George P. Blackburn,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appeal is from a conviction for theft of an automobile, with two years in the penitentiary.

The evidence without dispute in this case shows that the appellant, an unmarried boy living with his mother, was out with another person, together with the other boy's wife. After attending a show together the wife of the other party left them and the two boys, after drinking at various places, conceived the idea of committing a burglary. They secured a car from a repair garage in the back yard of a residence and drove it to the scene of the burglary of a store where appellant had formerly been employed. Appellant plead guilty to the charge of burglary of the store and was given a five years' suspended sentence.

At about 2 o'clock in the morning, and after the burglary of the store, appellant and his companion were seen driving out of an alley with the lights of the car turned off. As they came into the street they turned the lights on and two policemen parked nearby became suspicious and gave chase. After some distance the car which appellant was driving was wrecked and the police arrested the two boys. The state introduced in evidence a statement signed by appellant, in the presence of a city detective that night after his arrest, in which he told of the burglary and also of going to the garage above referred to and stealing the automobile which is the subject of the theft in this case.

In testifying in his own behalf appellant admitted the voluntary statement and said that he admitted stealing it because he did not wish to involve the man who had furnished them the car. The sole defense in the case is that he and his companion, in accordance with previous arrangements, procured the car from the owner of the garage for the purpose of committing the burglary; that it was taken with his consent and not stolen. The owner of the garage denied giving his consent or that he had any knowledge that the boys took the car. The jury was warranted under the facts of the case in deciding the controverted issue against appellant.

The only complaint which we find urged in this record is because the court refused to grant the appellant's motion for continuance. The bill bringing this question to this court is so qualified by the judge as to show definitely that no diligence was shown to secure the absent witness. It is further stated that on

his motion for new trial the appellant did not furnish an affidavit from the absent witness that she would give the evidence set out in the motion, nor did she appear in court to testify to that effect. The court is presumed to have found, under the circumstances of this case, that the evidence of the witness would probably not have been believed by the jury and that her testimony would have made no difference in the result of the trial. In controverting the motion the state has shown that this witness was a common prostitute who had been frequently in the courts, paying fines, and had so appeared and paid a fine a short while prior to the trial. In making application for the subpoena appellant gave an address at which she could be found but the officers failed to find her there.

It will not be necessary to discuss further defects in the bills of exception complaining of the failure of the court to grant the motion for continuance. It is sufficient to say that due diligence was not shown.

We find no reversible error in the trial of the case and the judgment of the trial court is accordingly affirmed.